CIVIL CASE NOS. DC-15-01662, DC-15-01492 & 77,138-32
DC-15-00716

EX PARTE

SENRICK WILKERSON

IN THE COURT OF CRIMINAL APPEALS IN AUSTIN, TEXAS

## PLAINTIFF'S MOTION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Senrick Wilkerson, the Plaintiff pro se in the above numbered and styled cases and files this motion for Writ of Mandamus and in support of such will show the following:

I.

For case No. DC-15-01662, Plaintiff had a court hearing that was scheduled for April 17, 2015, and more than 30 days before this date, Plaintiff filed a motion for Bench Warrant, along with other motions. The Dallas County Civil Courts will not respond to Plaintiff's motions or request. Weeks continue to go bye and the Courts will not respond to Plaintiff, totally violating his due process rights.

The above cases has been properly filed with the:

FELICIA PITRE
District Clerk
George L. Allen SR. Courts BLDG.
600 Commerce St., Suite 103
Dallas, Texas 75202

Plaintiff has provided proof that he is indigent, and requested that the Citation and the Petition be served on the Defendants. But the Civil Courts will not respond to the Plaintiff. Relief must be granted.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Writ of Mandamus is granted.

Respectfully submitted,

SENRICK WILKERSON (PRO SE)
TDCJ No. 1885146
Ramsey I Unit
1100 FM 655 TE-217T
Rosharon, TX 77583

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 19 2015
Abel Acosta, Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2015, the foregoing document has been U.S. mailed to: Court of Criminal Appeals, P.O. Box 12308, Austin, TX 78701.

SENRICK WILKERSON

EX PARTE

SENRICK WILKERSON

IN THE CRIMINAL
DISTRICT COURT NO. 3
DALLAS COUNTY, TEXAS

## APPLICANT'S PROPOSED FINDINDS OF FACT
## CONCLUSIONS OF LAW

TO THE HONORABLE JUOGE OF SAID COURT:

COMES NOW, Senrick Wilkerson, the Applicant in the above numbered styled cause and files this prosposed finding of fact, conclusions of law and in support will show the following:

### I.
### HISTORY

On April 1, 2015, the Court of Criminal Appeals filed its ORDER, stating that if Applicant's alleged facts are true, will entitle him to relief. Ex parte Patterson 993 S.W. 2d 114, 115 (Tex. Crim. App. 1999).

On 12/17/2010, Applicant was illegally convicted for F08-60213 compelling prostitution, F10-01183 sexual performance by a child & F10-01184 sexual assault on a child. Also, on 12/17/2010, the District Clerk's office received the signed motion for new trial that was filed by deficient and ineffective assistant counsel Calvin D. Johnson. On January 5, 2011, the granted motion for new trial was filed, where it specifically shows under ORDER that granted is circled, and shows that Judge Romos signed under ORDER. The motion for new trial identifies the Applicant and the three (3) cause nos. F08-60213, F10-01183 & F10-01184. Again, under ORDER, the new trial is circled granted; therefore, Applicant was entitled to a New Trial. Vernon's Ann. Texas Rules Civ. Proc. Rule 329b(a,c-e); Schaeffer Homes, Inc. V. Esterak 792 S.W. 2d 567, - App. & E 82(1) & Taylor V. State 247 S.W. 3d 223.

The Applicant stayed in Dallas County Lew Sterrett Jail for 34 months, and defense counsel, the State and former appeals lawyer purposely failed to inform Applicant that the motion for new trial was granted on January 5, 2011. And Applicant finally received a copy of the Clerk's record in June 5, 2014, which contained the copy of the granted motion for new trial. The State continues to deny Applicant's due process because Dallas County District Courts will not forward the Applicant the official records needed. Simply because the records from cause nos. F08-60213, F10-01183 & F10-01184 are incomplete in regards to the granted motion for new trial. Judge Romos waited six (6) months later before he decided to write, "I did not rule on this.", dated 7/7/2011. The trial court bypassed the 30 days & 75 days rulings to repair any errors, if the rulings were incorrect.

Page 1 of 3

Rules App. Proc., Rules 30(a), 31(a)(1). The right to new trial is purely statutory and must be pursued in manner prescribed by statue. See Johnson v. State 894 S.W. 2d 529, Rodriquez v. State 852 S.W. 2d 516 & Stewart v. State 856 S.W. 2d 567. Relief must be granted.

## II.

Applicant's motion for new trial was indeed granted due to the fact that under ORDER, granted is circled and signed by a judge. The trial docket sheets will not show any proof that any hearings were held and the granting of the motion is clearly not a clerical mistake. Judge Ramos signed the motion before, or on January 5, 2011. Again, if Applicant would have received the Clerk's Record from cause Nos. F10-01183 & F10-01184, which contains the granted motion for new trial; before June of 2014, Applicant would have argued this issue in his very first 11.07 Writ of habeas corpus. Appeals lawyer Lori Ordiway purposely failed to forward Applicant any of the Court Reporter's records, the files, or the Clerk's record. Attorney Michael Mowla forwarded Applicant the Clerk's record in June of 2014. The motion for new trial was granted based on judicial reasoning. And the trial court totally went passed the 75 day operation of law. Relief must be granted.

## III.

Applicant already has filed for a motion to be assigned counsel, a motion for Bench Warrant, a motion for an evidentiary hearing and Applicant has shown proof that he is indigent. Relief must be granted.

## CONCLUSION

The Court of Appeals did not have any jurisdiction to decide over the convictions from cause Nos. F08-60213, F10-01183 & F10-01184 because the motion for new trial was circled granted under ORDER, it named the parties and listed the cause numbers. Under DRAWER # 38, listed in the Clerk's record from cause Nos. F10-01183 & F10-01184, No. 51 at the bottom of the document, filed dated on January 5, 2011; Is the granted motion for new trial. This document totally speaks for itself, when in fact, a picture tells a thousand words. Relief must be granted.

Respectfully submitted,

SENRICK WILKERSON
TDCJ No. 1885146
Ramsey I Unit

1100 FM 655 TE-2-17T
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2015, the foregoing document has been U.S. mailed to: Felicia Pitre District Clerk, 133 N. Riverfront Blvd., LB 12, Dallas, TX 75207 & Court of Criminal Appeals, P.O. Box 12308, Austin, TX 78711.

SENRICK WILKERSON

P.S.
Safeguard my Liberty

EX PARTE

SENRICK WILKERSON

IN THE CRIMINAL DISTRICT
COURT NO. 3
DALLAS COUNTY, TEXAS

## APPLICANT'S PROPOSED FINDINGS OF FACTS
## CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Senrick Wilkerson, the Applicant in the above numbered and styled cause and files this proposed findings of facts conclusion of law and in support will show the following:

### I.
### HISTORY OF THE CASE

Applicant was illegally convicted and sentenced to 8 years, on 12/17/2010 for F10-01183 sexual performance by a child & F10-01184 sexual assault on a child. The State has alleged that Applicant was arrested on 9/7/2008, for cause No. F10-01183. See page 4 of 7 of writ No. W10-01183-J(F). The truth under penalty of perjury; Applicant was never once arrested, never once arraigned and never once participated in any first preliminary initial appearances for cause Nos. F10-01183 & F10-01184 as is required by Texas Law. See ART. 15.17 Code CRIM. PROC. Therefore, the State never had any Jurisdiction over cause Nos. F10-01183 & F10-01184. The Judicial Information & Criminal History Records for both tainted sex offenses both show the arrest date as 12/17/2010. The Capias arrest warrant shows an arrest date as Dec. 23, 2010. Former U.S. District Court Magistrate Judge Jeff Kaplan committed perjury because he claims that Applicant was arrested in September of 2010, which is simply false. See case No. 3:11-CV-00659-B, page 20.53.

The State attached Exhibit B, as the copy of the JUDGMENT OF CONVICTION BY JURY which shows time credited from 9/7/2008 to 9/8/2008, indicating that Applicant had been arrested on 9/7/2008, and released on 9/8/2008 for the case above. The Dallas Police Department can not produce any arrest reports that will show that Applicant was ever arrested for cause Nos. F10-01183 & F10-01184. Again, the state is admitting to the fraudulent arrest date as 9/7/2008, from the case above, using their very own Exhibit B to show proof. See Exhibit A, from Applicant. It is also a document that shows another fraudulent arrest date as 12/17/2010. The State

Page 1 of 3

also filed Exhibit B, with the last page showing that the Appeal was given as a notice, on 12/17/2010 and JUDGMENT CERTIFICATE OF THUMBPRINT. Please explain how Applicant can be arrested on 12/17/2010 (Applicant's Exhibit A), convicted and sentenced on 12/17/2010, and sign for his appeal on 12/17/2010. The Records for F10-01183 sexual performance by a child is totally incomplete, Fraudulently forged and documents are all falsified by the State. Again, it must be repeated that the Record is incomplete from cause Nos. F10-01183 & F10-01184, and it was and is incomplete without Applicant's fault and that such incompleteness requires a reversal and new trial under Tex. R. App. P. 50(e), id. 160-161; See Jones V. State 942 S.W. 2d 1, 1997 Tex. Crim. App. LEXIS 13 No. 0917-96 ("We will reverse"); Jones V. State 923 S.W. 2d 158 (Tex. App.-Beaumont 1996) & Williams V. State 937 S.W. 2d 479, 486-87 (Tex. Crim. App. 1996).

II.

The factual basis for Applicant's claims were totally unavaible for Applicant to argue in the first 11.07 Writ Habeas Corpus. As stated in his arguments, Applicant never knew that the State was claiming that he was arrested on 9/7/2008 for F10-01183 sexual performance CH & F10-01184 sexual assault CH until Applicant received a copy of the incomplete Clerk's record in June of 2014. The State is constantly citing cases that are irrelevant to Applicant's facts. For example, for four (4) years now the Applicant and his family memembers has made numerous attempts with retrieving the arrest reports, the offense reports, the complaint affidavits, the probable cause information, the arraignment sheets, the sworn arrest affidavits and the first preliminary initial appearance sheets from cause Nos. F10-01183 & F10-01184, But the State will not produce any of these documents because they do not exist, and the files are missing which is no fault of Applicant, making the RECORDS totally incomplete. This incompleteness requires a reversal and a New Trial under Tex. R. App. P. 50(e), id. at 160-161.

The prosecution must be dismissed under the Article 32.01 Code Crim. Proc., because the state failed to exercise due diligence by not presenting the above case before a Magistrate Judge or grand jury. Prosecutor Brooke B. Grona-Robb fraudulently forged the indictments on 11/24/2010. It is never to late to allege jurisdiction, especially when the state did not have any jurisdiction over the case above.

The Applicant was never once told about the indictments from cause Nos. F10-01183 & F10-01184. Deficient and ineffective lawyer Calvin D. Johnson certainly never informed Applicant of such. On page 5 of 7 in the State's response in the

above case; Quote; "Moreover, even if counsel had timely and successfully challenged the prosecution under article 32.01, the State simply would have re-arrested applicant upon return of the indictment." Under penalty of perjury, Applicant was never once arrested, and never once arraigned for cause Nos. F10-01183 & F10-01184. So, how on earth could there have been a re-arrested of Applicant? There was never any arrest to begin with!

## III.
### CONTENTS OF RECORD

The State can not produce any original Arrest Reports, offense reports, probable Cause information, complaint affidavits, sworn arrest affidavits, book-in sheets, arraignment sheets, physical or DNA evidence, first preliminary initial appearance information as is required by Texas Law (see ART. 15.17 Code Crim. Proc.) and the files are missing from F10-01183 sexual performance by a child & F10-01184 sexual assault on a child. These errors are too indeed a cognizable claim for relief because absence of these documents, and being that the files are missing merits evidence that the Record is totally incomplete, requiring a reversal and a new trial, Under Tex. R. App. P. 50(e), id. 160-161. See Jones V. State, 942 S.W. 2d 1, 1997 Tex. Crim. App. LEXIS 13 No. 0917-96. In Jones V. State, the Court of Appeals specifically stated that they will reverse, when the Record is incomplete.

Applicant is entitled to relief because the state can not provide any of the aboved named documents from cause Nos. F10-01183 & F10-01184. Jurisdiction is a factual basis of Applicant's entire complaint due to the fact that both tainted sex offenses are fraudulent forged and falsified. The State has cited a case that does not support their request for denial. Therefore, an evidentiary hearing would provide proof to the Court of Criminal Appeals that the State fraudulent forged cause Nos. F10-01183 & F10-01184, causing harm to Applicant with having him illegally convicted, falsely incarcerated and illegally convicted for crimes that he never committed, was never once arrested for and never once arraigned for. Relief must be granted because no rational juror could have found Applicant guilty beyond a reasonable doubt if the jurors would have known of the State's misconduct, the falsifying of government documents and the fraudulent and forged documents provided by the State.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

### CERTIFICATE OF SERVICE
I hereby certify that on April 20, 2015, the foregoing document has been U.S. mailed to: Felicia Pitre District Clerk, 133 N. Riverfront Blvd., LB 12, Dallas, TX 75207 & Court of Criminal Appeals, P.O. Box 12308, Austin, TX 78711.

SENRICK WILKERSON

A010 DEF NAM WILKERS C010 DEF NAM WILKERS

J U D I C I A L  I N F O R M A T I O N

A010-020-030-04  FILE DA 112210
DEF NAME WILKERSON_SENRICK_SHERN_____ RACE B SEX M DOB 05181970 AGE  42
DEF ADR1 538_WENTWORTH_____ AC ___ PH _____ SS ___ __ ___
DEF CITY RICHARDSON_____ ST TX  ZIP ____ DLNUM _____ 10676030 DLST __
OFF SEX_PERFORM_CH_EMPL_____ DT 041608 TYP/CI F 2 GOC/CAT _ _ CODE VA000200
COMT _____ SID NUM 07638642 OF AMT _____
COMPLAINANT _____ TAPE _____ ARREST DATE 121710
JUV STAT _  REPEAT OFFENDER _  CAREER OFFENDE: _  ORIG-LOC UNKNOWN  CURR-LOC J
FILING AGENCY TXDPD0000 SER/CAS NO _____ 237338V  ARREST NUM _____
LAI NUM _____ 1017341 AIS/DSO NO _____ 2611435 BOOKIN NUM _____ 10093432
JP FILE DATE 000000 JP CASE II _____ JP COURT II __ FED _ EVH _ AFF _
MAGISTRATE DATE 000000 MAGIS COURT __ MAGIS JUDGE _____ BOUND OVER _
EXAM TRIAL DATE 000000 EXAM COURT __ EXAM JUDGE _____ IND METH IND
GJ/H/R DT 112410 F GJ# _4649_A1 GJ/W/FILE 112410 GJ DS T DA DSP A ACC Y REAS _
DA DISPOS  DATE 112210  MISDEMEANOR REDUCTI _  SENTENCE PROBATE _
JUDCL CASE II F-1001183  GJ CT FK  PROS STAT O 592  PROS NAME GRONA-ROBB_B___
COURT ASSIGNED T( FJ  DATE ASSIGNE 112310  ASSIGNED B( C  REASON P
PRECEEDING DA CASE I _____  SUCCEEDING DA CASE I _____
TRN 9175524147  TRS A001  WARRANT STATU R STATE OFF CD 36990014 __
NEXT

EXHIBIT
A

EX PARTE

SENRICK WILKERSON

IN THE CRIMINAL
DISTRICT COURT NO. 3
DALLAS COUNTY, TEXAS

## APPLICANT'S MOTION FOR UNASSIGNMENT OF ERRORS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Senrick Wilkerson, the Applicant in the above numbered and styled cause and files this motion for unassignment of errors and in support will show the following:

### I

The State never had jurisdiction over F08-60213 compelling prostitution because the motion for new trial was granted on January 5, 2011, and the state purposely failed to inform Applicant of the granted motion for new trial. The motion for new trial identifies all parties and the three (3) cause nos. F08-60213, F10-01183 & F10-01184. However, the state is showing that Applicant was released on personal recognizance bonds for cause nos. F08-60213, F10-01183 & F10-01184. See Exhibit A. The State is stating that Applicant was released on these PR bonds on 2/24/2011, which is 50 days after the motion for new trial was granted. The State must show proof of the hearings that were held for the posting of the PR bonds on 2/24/2011, because Applicant was never released from jail. This is proof of an unassignment of errors.

### II

The reviewing court will notice error on its own motion when the error is so obvious that failure to notice it would seriously affect the fairness, integrity of public reputation of judicial proceedings. See U.S. V. Musquiz 445 F. 2d 963

The Court of Appeals have jurisdiction of criminal to entertain unassigned fundamental error, Vernon's Ann. Texas C.C.P. arts. 40.09, subds. 8, 9, 44.08, 44.11, 43, 33(b). See Carter V. State 656 S.W. 2d 468.

The Court of Criminal Appeals is required to review fundamentally defective indictment as an unassigned error in the interest of justice, Vernon's Ann. C.C.P. art. 40.09, subd. 13. See Chance V. State 563 S.W. 2d 812.

### III

### DEPRIVATION OF CONST. RIGHT

Deprivation of constitutional right will be reviewed in interest of justice, though unassigned. See Bass V. State 427 S.W. 2d 624. Deprivation of constitutional right is an error which should be reviewed on appeal in interest of justice, though unassigned Vernon's Ann. C.C.P. art. 40.09, §§ 11-13. See McClellan V. State 413 S.W. 391.

## CONCLUSION

The records are incomplete from cause nos. F08-60213, F10-01183 & F10-01184 without Applicant's fault and such incompleteness requires a reversal and new trial under Tex. R. App. P. 50(e), id 160-161. The Dallas County

District Clerk's office will confirm that the files are missing from cause nos. F10-01183 & F10-01184, causing the Records to be incomplete. And if the Record(s) are incomplete, the Court of Appeals will reverse. See Jones v. State, 942 S.W. 2d 1, 1997 Tex. Crim. App. LEXIS 13 No. 0917-96. This is proof of unassignment of errors and relief must be granted.

The State totally violated Art. 32.01 Code Crim. Proc. from cause nos. F10-01183 & F10-01184 because prosecutor Brooke B. Gronafobb failed to present these two (2) tainted sex offenses before a Magistrate Judge or a grand Jury. These indictments were fraudulently forged on or before 11/24/2010. This is proof of unassignment of errors and relief must be granted.

Applicant request that the Court of Criminal Appeals to review the errors of the State from cause nos. F08-60213, F10-01183 & F10-01184 in the interest of justice, pursuant to Vernon's Ann. C.C.P. art. 40.09, Subd. 13.

WHEREFORE, PREMISES CONSIDERED, the Applicant prays that the Courts, in the interest of justice ORDER an evidentiary hearing to resolve the unassignment of errors ten (10) days upon receipt of this document.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2015, the foregoing document has been U.S. mailed to: Felicia Pitre District Clerk, 133 N. Riverfront Blvd., LB12, Dallas, TX 75207 & Court of Criminal Appeals, P.O. Box 12308, Austin, TX 78711.

SENRICK WILKERSON

ORDER

The Evidentiary Hearing has been set for _____, 2015 at _____ am/pm, in court number _____.

_____
PRESIDING JUDGE

P.S.
Safeguard my Liberty

Page 2 of 2

IS



**Bond - SENRICK, WILKERSON**     Search     Referrals     User Jeanette Brown

Identification | Offense (19) | Arrest (3) | Book-In | Magistrate | Warrants | Jail | **Bonds** | Pre-Trial Rel
Dist. Attorney | Prosecutor | Grand Jury | Victim Services | Divert Court | Court

Current Bookin No: 10093432 - North Tower / 5E07          ∘ IN COUNTY JAIL

## Adult Identification Information

|  | | | |
|---|---|---|---|
| **AIS Number** | **DPS/SID Number** | **LAI Number** | **FBI Number** |
| 2611435 | 07638642 | 1017341 | ▆▆▆▆ |
| **True Last Name** | **Suffix** | **True First Name** | **Middle Name** |
| WILKERSON | | SENRICK | SHERN |
| **Date of Birth** | **Current Age** | **Height** | **Weight** |
| ▆▆▆▆ | 42 | 6' 0" | 180 lb |
| **Photo** | **Fingerprints** | **In Dallas Jail Before** | **Native Language** |
| Unavailable | Unavailable | YES | |
| **Race** | **Sex** | **Ethnicity** | **Skin Tone** |
| Black | Male | Non Hispanic | Medium |

Date: 12/17/2010
Photos (3)

## Bond Detail

| | | |
|---|---|---|
| **Bond Number** | **Bond Posted Date/Time** | **Pre-Trial Fee** |
| Z100118401 | 2/24/2011 11:14:43 AM | $0.00 |

| **Is faxed Bond?** | **County (if Faxed Bond) and Insurance Power** | **Bond Type** |
|---|---|---|
| OtherYes  OtherNo | Other | **Personal Recognizance** |
| | Power Number | |

**Previous Bond No**

**Bond Amount**
$10,000.00

## Offense Detail

**Offense Description**
**SEXUAL ASSAULT CHILD**                                              **Book-In Number**

| **Level And Degree** | **Statute/Citation** | **Agency** | **Arrest DT/TM** |
|---|---|---|---|
| F2 | 22.011(a)(2) PC | | |

Get List Of Offenses/Holds          Create New Offense

| **Court** | **Court Date (MMDDYY)** | **Court Time (HHMM AM/PM)** | **Jail Location** |
|---|---|---|---|
| CDC3 | | 08:30 AM | OTHER |

| **Warrant No.** | **Case No.** |
|---|---|
| F1001184J | F1001184J |

EXHIBIT
A

## Receipt History   New Receipt

| Payer Type | Name | Amount Paid | Receipt No. | Receipt DT/TM | Cashier | Voided |
|---|---|---|---|---|---|---|
| | | | | | | |

SENRICK S. WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-MT
Rosharon, TX 77583

April 20, 2015

FELICIA PITRE
District Clerk
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 12
Dallas, Texas 75207

RE: Pursuant to V. Tex. Code Crim. Proc. Ann. ART. §§ 34.5(c)(1) AND 34.6(d)
Court Reporter of Auxiliary Court No. 7 is required to provide
transcript to both Appeals Court and Applicant.
In reference to Cause No. W08-60213-J(D)

Dear Mrs. Susan Tabaee, CSR,

I am writing this letter regarding the court report records in
Auxiliary Court No. 7, Judicial District Court of Dallas County; Cause Nos.
FC8-60213, F10-01183 & F10-01184. I am requesting the copy of the official
transcript of the hearing held from the granted motion for new trial, the
affidavits filed between ~~January~~ December 17, 2010 - July 7, 2011, all
interrogatories, the court reporter's notes and the hearing's held from
the posted personal recognizance bonds dated 2/24/2011 for cause Nos.
F10-01183 & F10-01184. The granted motion for new trial was filed on January
5, 2011. Pursuant to V. Tex Code of Crim. Proc. ANN. §§ 34.5(c)(1) AND Vernon,
TEX. CIV. PRAC. & REM CODE §§ 13.003 (a)(1)(2)(c).

THEREFORE, Please submit to this written request of court reporter's records
and the Affidavit of Indigency is filed. See Exhibit A.

Respectfully submitted,

SENRICK WILKERSON 1887146
Ramsey I Unit
1100 FM 655 7E-2-177
Rosharon, TX 77583

CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2015, the foregoing document
has been U.S. mailed to: Felicia Pitre District Clerk & The Court of
Criminal Appeals in Austin, Texas.

SENRICK WILKERSON

P.S.
Safeguard my Liberty

CAUSE NO. W08-60213-J(J)

SENRICK WILKERSON PRO SE
TDCJ NO. 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

Dear Mrs. Felicia Pitre District Clerk:

I am requesting an index of the Court Clerk's records pertaining to the above cause number, as well as a 'Docket Sheet' that will show the court hearings that was held for the granted motion for new trial, the affidavits filed, the transcript of the hearings and all affidavits and interrogatories and the court reporter's notes from the hearing and deposition. Also, I am requesting these additional documents from cause NOS. F10-01183 & F10-01184, since both sex offenses were tried together with cause No. F08-60213:

1. The arrest reports,
2. The offense reports,
3. The complaint affidavits,
4. The probable cause information,
5. The grand jury minutes,
6. The arraignment sheets, and
7. The first preliminary initial appearance sheets.

Sincerely
Senl Wilk

P.S.
Please safeguard my Liberty and mail the following documents 1-7, to the address above. A copy of this document has been mailed to the Court of Criminal Appeals.

C/C